UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07CV-530-H

STEVEN C. KITZMANN                                                                                          PLAINTIFF

V.

LOCAL 619-M
GRAPHIC COMMUNICATIONS
CONFERENCE of the INTERNATIONAL
BROTHERHOOD OF TEAMSTERS

and

DISTRICT COUNCIL 3
GRAPHIC COMMUNICATIONS
CONFERENCE of the INTERNATIONAL
BROTHERHOOD OF TEAMSTERS                                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendants, Local 619-M Graphic Communications Conference of the International Brotherhood of Teamsters and District Council 3 Graphic Communications Conference of the International Brotherhood of Teamsters (the "Union"), by counsel, have moved for judgment on the pleadings. Their contention is that Section 301 of the Labor Management Relations Act (the "LMRA") preempts all Plaintiff's state law claims and that the LMRA's six-month statute of limitations bars any remaining federal claims.

Plaintiff, Steven Kitzmann, a former president of the Union, has brought this suit in Jefferson Circuit Court against the Union, asserting the following state law claims: a waiver of exhaustion requirements (Count I); declaration that a union vote is void (Count II); declaration

that union bylaws were not amended (Count III); a declaration of improper removal from office (Count IV); breach of contract (Count V); violation of Kentucky employment laws (Count VI); and punitive damages (Count VII). Defendants removed to federal court on the grounds of federal preemption and this motion followed.

The ultimate and central focus of Plaintiff's dissatisfaction is his own termination from office by the District Council in June, 2006. As a consequence, Plaintiff was denied all the benefits of his office and employment through the remainder of his term to December 31, 2006. Plaintiff filed suit September 13, 2007. More specifically, Plaintiff challenges the intra-union merger processes relating to the "affiliation agreement" (Complaint ¶ 13-17); to the "vote" (Complaint ¶ 18-25); to the "vote for affiliation" (Complaint ¶ 25-33); to the amendment of the bylaws (Complaint ¶ 34-39); to the "affiliation agreement vote" (Complaint ¶ 40-42); to the Union ratification of amendments (Complaint ¶ 43-45); to the Union rules in effect (Complaint ¶ 46-49); to the interpretation of Union rules (Complaint ¶ 50-53); to the "uniform bylaws" of the Union (Complaint ¶ 54-55); to the compensation structure for Union officers (Complaint ¶ 56-67); and to the Union internal grievance procedures (Complaint ¶ 68-73). All of these violations, it is charged, led to Plaintiff's discharge.

Section 301 of the LMRA preempts state law claims where resolution of those claims requires interpreting contracts between labor organizations. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 406, 413 (1988). A union constitution is such an inter-union contract because it is a fundamental agreement of association. *United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Indus. v. Local 334*, 452 U.S. 615, 619, 627 (1981). Individual union members can enforce Section 301 against their own union where the union

violates its constitution. *Wooddell v. Int'l Brotherhood of Elec. Workers Local 71*, 502 U.S. 93, 103 (1991). Here, there seems little doubt that Plaintiff's claims require interpretation of inter-union contracts. Plaintiff cannot seriously dispute that his claims are intertwined with and require the interpretation of these agreements and governing provisions. Plaintiff alleges the Defendants improperly removed him from office. He contends the removal was improper because it violated provisions of the Local Union constitution and bylaws, provisions of the District Council constitution and bylaws, and provisions of the affiliation agreement. Resolution of these claims clearly requires interpreting those agreements and provisions governing the amendment process and employment terms. In these circumstances, Section 301 preempts all state law claims and limits Plaintiff to the relief provided thereunder.

Section 301 does not contain a uniform statue of limitations and the United States Supreme Court has explicitly rejected requests to judicially impose one. *Int'l Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 703-04 (1966) [hereinafter *Hoosier*]. Where Congress does not specifically provide a statute of limitations, "state statutes of limitations govern the timeliness of federal causes of action." *Hoosier*, 383 U.S. at 703-04. Congress has acted to provide a six-month statute of limitations under Section 10(b) of the National Labor Relations Act. *Martin v. Lake County Sewer Co.*, 269 F.3d 673, 677 (6th Cir. 2001). Sometime ago, the Sixth Circuit held that the six-month limitation extends only to hybrid actions arising under Section 301 of the LMRA. *McCreedy v. Local Union No. 971, UAW*, 809 F.2d 1232, 1237-39 (6th Cir. 1987).

Hybrid actions are those which implicate the breach of the union's duty of fair representation. *Apponi v. Sunshine Biscuits, Inc.*, 809 F.2d 1210, 1216 (6th Cir. 1987). Where

3

"the action does not implicate the breach of the union's duty of fair representation," the most analogous state statute of limitations applies. *Id.* at 1216. Plaintiff makes no contention that the Union breached any duty of fair representation. Plaintiff's claims only allege a simple breach of contract dispute. Thus, the appropriate statute of limitations is not six-months, but rather the most analogous state law claim.

The Sixth Circuit has once published a broader application of the six-month limitation. *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 803 (6th Cir. 1990)(stating "the Supreme Court conclusively established that section 301 actions brought by individual employees are governed by the six-month statute of limitations borrowed from section 10(b) of the National Labor Relations Act." (citing *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151 (1983))).[1] However, that opinion goes no further than merely asserting that the six-month period applies broadly. It provides no analysis supporting an expanded application of the six-month period, nor does the opinion articulate the scope of its application. Over time unreported cases within the Sixth Circuit have continued to use this looser language, indicating that the six-month statute of limitations might apply more broadly to all Section 301 claims.[2] These cases, however, do not conclusively hold that the six-month limitation extends to all § 301 claims nor do they provide any real analysis to support changing existing precedent. The Sixth Circuit has

---

[1] *See also Lawrence v. Int'l Brotherhood of Teamsters*, 2000 WL 92271, *2 (6th Cir. 2000)(stating that "§ 301 actions brought by individual employees are governed by a six-month statute of limitations period" in a hybrid action).

[2] *See, e.g. Plunkett v. Smurfit-Stone Container Corp.*, 247 Fed. Appx. 604, 606 (6th Cir. 2007)("Claims brought under § 301 of the LMRA are subject to the six-month statute of limitations of § 10(b) of the National Labor Relations Act."); *Kurincic v. Stein, Inc.*, 30 Fed. Appx. 420, 427 (6th Cir. 2002)("To sue under § 301, [Plaintiff] would have had to bring suit within six months of the alleged breach of the [collective bargaining agreement]); *Hill v. McCrabb*, 19 Fed. Appx. 314, 316 (6th Cir. 2001)("The statute of limitations for bringing charges of unfair labor practices under the LMRA is six months"); *Melvin v. Knoll, Inc.*, 21 Fed. Appx. 305, 307 (6th Cir. 2001)("Section 301 claims for breach of contract and wrongful discharge are governed by a six-month statute of limitations).

contemporaneously maintained that non-hybrid § 301 actions are subject to "the appropriate state statute of limitations." *Aloisi v. Lockhead Martin Energy Systems, Inc.*, 321 F.3d 551, 556 (6th Cir. 2003)(applying state statute of limitations where claims were for breach of contract and for declaration of rights under the collective bargaining agreement).[3] Although sound reasons may support uniformly imposing the NLRA's six-month statute of limitations, this Court cannot find any sound Sixth Circuit support for such a change at this time.

Neither party has discussed either the potential inapplicability of the six-month limitation period or the appropriate and analogus state limitations period. The Court will give the parties an opportunity to address these issues.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED at this time.

IT IS FURTHER ORDERED that on or before **September 22, 2008,** the parties may file any additional memoranda concerning the statute of limitations.

The conference is rescheduled for **September 23, 2008, at 2 p.m.**

---

[3] *See also Sterling China Co. V. Glass Workers Local No. 24*, 357 F.3d 546, 552 (6th Cir. 2004)("Actions filed under § 301of the LMRA are subject to the appropriate state statute of limitations, since it contains no federal limitations provision of its own."); *United Steelworks, Local 4839 v. New Idea Farm Equip. Corp.*, 917 F.2d 964, 967 (6th Cir. 1990)(stating that section 301 "does not contain a limitations provision" so the court applies "the appropriate state statute of limitations.").

cc:   Counsel of Record