UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07CV-530-H

STEVEN C. KITZMANN                                                                                    PLAINTIFF

V.

LOCAL 619-M
GRAPHIC COMMUNICATIONS
CONFERENCE of the INTERNATIONAL
BROTHERHOOD OF TEAMSTERS

and

DISTRICT COUNCIL 3
GRAPHIC COMMUNICATIONS
CONFERENCE of the INTERNATIONAL
BROTHERHOOD OF TEAMSTERS                                                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendants, Local 619-M Graphic Communications Conference of the International Brotherhood of Teamsters and District Council 3 Graphic Communications Conference of the International Brotherhood of Teamsters (the "Union"), by counsel, have moved for a judgment on the pleadings to dismiss this case as barred by the statute of limitations. Plaintiff, Steven Kitzmann, a former president of the Union, asserted various state law claims against the Union, which the Court previously concluded are preempted by the Labor Management Relations Act ("LMRA") § 301. The Court held off determining what statute of limitations applied, allowing the parties additional briefing on the issue.

In November 2003, Plaintiff was elected president of Local Union 619 ("Local 619") for

a three-year term.  Pursuant to the local bylaws, Local 619 compensated Plaintiff for this full-time position.  Plaintiff contends that the election and bylaws served as an employment contract between him and Local 619 for a term of three years.  In June of 2006, Local 619 affiliated with District Council 3, a conglomerate of local unions, by member vote.  Plaintiff alleges that the vote, as conducted, violated Local 619's constitution and bylaws and District Council 3's constitution and bylaws.  Defendant then terminated Plaintiff's full-time officer position, so Plaintiff no longer received compensation.  In September 2007, Plaintiff filed this action contesting the validity of the affiliation vote, which led to his termination, and whether the District Council 3 constitution and bylaws actually prohibited compensating him.  Plaintiff contends is that Defendant breached the employment contract by improperly terminating him.  Defendants have moved to dismiss all claims on the grounds that they are barred by the statute of limitations.  The Court must now determine which statute of limitations properly applies to Plaintiff's claims.

Because § 301 contains no independent statue of limitations, the most clearly analogous state statute of limitations governs.  *Int'l Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 703-04 (1966).  Plaintiff argues that the fifteen (15) years for breach of contract, contained in Ky. Rev. Stat. § 413.090, applies or the five (5) year limitation for wrongful discharge, contained in Ky. Rev. Stat. § 337.060 applies.  Defendants prefer the six (6) month limitation found in the National Labor Relations Act (NLRA) § 10(b), the state limitation of thirty (30) days for election challenges, found in Ky. Rev. Stat. § 120.250(1), or the state limitation of ninety (90) days for challenging an arbitration award, found in Ky. Rev. Stat. § 417.160(2).

The Court must choose between several imperfect options for the limitation period.

Neither of Defendant's state limitation periods is appropriate. The election limitation applies to challenges to public elections. Plaintiff is not challenging a public election. Furthermore, Plaintiff's claim is better characterized as a breach of contract than an election dispute. The limitation on modifications of an arbitration award is also insufficiently analogous. Although the Sixth Circuit has concluded that an LMRA "'breach of contract' action resembles an action to vacate an arbitration award," that case focused on the results from the collective-bargaining agreement's grievance procedures. *Aloisi v. Lockheed Martin Energy Systems, Inc.*, 321 F.3d 551, 554, 557 (6th Cir. 2003).

Defendant's recommendation for the federal six-month limitation seems more logical as applied to the LMRA because it facilitates faster resolution of these disputes. The 15 year period seems much too long to allow a statutory claim to remain outstanding. However, the Sixth Circuit clearly maintains that state statute of limitations govern non-hybrid § 301 actions such as the action here. *Sterling China Co. v. Glass Workers Local No. 24*, 357 F.3d 546, 552 (6th Cir. 2004). Of course, the Court must apply § 301 and interpret the constitution and bylaws. This suit is analogous to a breach of employment contract claim because Plaintiff contends that his election combined with Local 619's constitution and bylaws constituted an employment contract. He alleges that Defendant breached that contract by improperly terminating him and stopping his compensation.

The Court recognizes Defendant's argument that the Court is not to "mechanically appl[y] a state statute of limitations simply because a limitations period is absent from the federal statute." *Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355, 367 (1977). However, where the Sixth Circuit has clearly indicated that the state statute of limitations is the appropriate

standard, the Court will follow that guidance. Having determined that the state 15 year limitation period applies, the Court also concludes that Plaintiff filed well within 15 years of his termination. Plaintiff lost his position in June 2006 and filed this suit in September 2007. Plaintiffs claim is not time barred by the analogous state statute of limitation.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED at this time.

cc:     Counsel of Record