UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07CV-530-H

STEVEN C. KITZMANN                                                                                    PLAINTIFF

V.

LOCAL 619-M
GRAPHIC COMMUNICATIONS
CONFERENCE of the INTERNATIONAL
BROTHERHOOD OF TEAMSTERS

and

DISTRICT COUNCIL 3
GRAPHIC COMMUNICATIONS
CONFERENCE of the INTERNATIONAL
BROTHERHOOD OF TEAMSTERS                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Steven Kitzmann, brought this suit against Local 619-M Graphic Communications Conference of the International Brotherhood of Teamsters ("Local 619") and District Council 3 Graphic Communications Conference of the International Brotherhood of Teamsters ("District Council 3") (collectively "Defendants"), alleging Defendants improperly amended the Local 619 bylaws by an affiliation vote and deprived him compensation due to him as president under the bylaws.  With discovery complete, both sides have moved for summary judgment: Defendants moved on the grounds that Plaintiff had no right to draw a salary after the affiliation vote and that he lacks standing to challenge the affiliation vote; Plaintiff on the grounds that he was owed his salary and that the bylaws were never properly amended.  Plaintiff has also moved to remand the case to state court.

The Court has carefully considered the arguments and has held oral argument.  For the

reasons that follow, the Court concludes that Defendants are entitled to summary judgment.

I.

Plaintiff was elected to serve as president of Local 619 for a three-year term ending on December 31, 2006.  As the president, Plaintiff oversaw Local 619's activities, including negotiating contracts with employers, conducting meetings, and exploring potential merger candidates.  The constitution and bylaws of Local 619 expressly provided for and set out the amount of Plaintiff's salary.  At some point, Local 619 and District Council 3 entered into merger discussions.  A conflict arose between those on the Merger Committee, who wished to pursue a merger with District Council 3, and some members of the Executive Board, including Plaintiff, who either opposed a merger or who wanted to postpone it.

The conflict over the merger escalated.  Members of the Merger Committee ordered ballots for a referendum on affiliation printed.  Plaintiff, upon learning that the ballots had been ordered, called the printer and had the ballots destroyed.  Over the objections of the Executive Board, the Union held a referendum on affiliation on May 21, 2006.  Part of the affiliation agreement between Local 619 and District Council 3 stated, "Pursuant to the Constitution and Laws of [District Council 3], which shall supersede and control in the event of any conflict with the Constitution and Laws of [Local 619], [Local 619] shall have no employees."  The referendum passed.

Following the referendum, Plaintiff continued performing his duties as President until mid-June.  Plaintiff received all pay due to him before the referendum, but received no pay or benefits after the referendum.  Three weeks after the referendum vote, Plaintiff went back to work in the position he had before being elected president of Local 619.  He received no pay

2

during the three week period, and his new position paid him less than he received as president.

## II.

First, the parties debate whether Plaintiff's claims concerning the affiliation referendum should be analyzed under Title IV of the Labor Management Relations Disclosure Act ("LMRDA"). Title IV governs the election of union officials and contains an enforcement provision that exclusively vests the power to initiate a lawsuit challenging the validity of a union election in the Secretary of Labor. 29 U.S.C. §§ 481 & 482. Defendants argue that Plaintiff's challenge of the affiliation referendum is a Title IV claim and, therefore, is precluded because the Secretary of Labor did not initiate the proceedings.

The Sixth Circuit has said "the Title IV enforcement procedures do not apply when the complaint does not state a Title IV claim; in order for there to be a Title IV claim, the election being challenged must be the type of election specifically required by Title IV." *BLE Intern. Reform Comm. v. Sytsma*, 802 F.2d 180, 191 (6th Cir. 1986). The only types of elections specifically required by Title IV are elections of officers. 29 U.S.C. § 481. The vote on the affiliation referenda was not an election of officers and, therefore, is not governed by Title IV.

Neither Plaintiff nor any other person has properly challenged the legitimacy of the merger procedure and vote.

## III

The crux of Plaintiff's claim is a breach of contract action against Defendants. Plaintiff alleges that Local 619 improperly amended its bylaws meaning that he is owed his salary as president that was guaranteed by those bylaws.

Whether this claim is resolved under the umbrella § 301 of the Labor Management

Relations Act (LMRA) or a state law contract law, the LMRA gives this Court jurisdiction over all disputes involving contracts between two labor organizations. 29 U.S.C. § 185. Here, Local 619 was created by agreement of two predecessor unions, Local 19-N and Local 552. The constitution and bylaws of Local 619 represent the contract between the two former locals to form a new local. This constitution constitutes a contract between two labor organizations, *Wooddell v. Int'l Bhd. of Elec. Workers, Local 71*, 502 U.S. 93, 98-102 (1991), and it is this constitution and the bylaws of Local 619 that give rise to the alleged contract between Plaintiff and Defendants. Furthermore, § 301 completely preempts any state-law claim "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). All of Plaintiff's claims appear to substantially depend on the analysis of a contract between labor organizations. Therefore, the Court has jurisdiction pursuant to § 301.[1]

However, the result of Plaintiff's claims is the same whether analyzed under § 301 or state law because basic principles of contract law prohibit Plaintiff's claim. Plaintiff was a pre-merger employee of Local 619 and was compensated under Local 619's bylaws. When the affiliation agreement was approved by a majority of Local 619 members it supplanted any bylaw of Local 619 that conflicted with the affiliation agreement or the constitution and bylaws of District Council 3. Specifically, the affiliation agreement provided that Local 619 shall have no employees. This provision clearly applies to Plaintiff. To be sure, he is an elected official, but he is no less an employee when he receives a salary. The approved affiliation agreement

---

[1] On the other hand, the case can be viewed as simply involving a contract between Plaintiff, and individual employee of Local 619, and Local 619 itself. Under these circumstances, § 301 may not provide jurisdiction over Plaintiff's claim.

removes all employees of Local 619. The consequences here is that Plaintiff had no contractual rights to a salary after the affiliation agreement was approved.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for partial summary judgment is DENIED.

This is a final and appealable order.

September 8, 2009

John G. Heyburn II, Judge
United States District Court

cc: Counsel of Record